**In the Matter of Robert J. BROWN.**

No. 40S00–9404–DI–322.

Supreme Court of Indiana.

Feb. 13, 1995.

---

Robert J. Brown, pro se.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

Respondent Robert J. Brown has been charged with violating several provisions of the *Rules of Professional Conduct for Attorneys at Law* in relation to his handling of a child support matter. The Disciplinary Commission and Respondent have reached a conditional agreement for discipline, pursuant to Ind.Admission and Discipline Rule 23, Section 11, and have tendered the agreement for our approval. The parties agree that an appropriate sanction for Respondent's misconduct is a public reprimand.

We now find that we have disciplinary jurisdiction over this matter by virtue of Respondent's admission to the Bar of this state in 1962. We also find that the tendered agreement should be approved, and therefore adopt the factual summary contained therein.

As provided in the agreement, Respondent was retained on September 30, 1992, to represent an individual (the "client") in an action, brought by the client's former spouse, seeking past due child support payments. Additionally, the former spouse had petitioned the court to attach an inheritance due the client for the purpose of satisfying the alleged past due support obligation. The client informed Respondent that he had paid, directly to his former spouse, all child support required by the prior maintenance and support order. The court order, however, required that payment be made through the court. Respondent also learned from his client that the former spouse was seeking attachment of the inheritance only to alleviate her financial problems, and not to provide for the children.

The court scheduled a hearing on the matter for October 9, 1992. Respondent secured continuances of the hearing to October 30, 1992, then to November 6, 1992. The court, in granting the second continuance, stated that it would grant no more extensions. Despite the court's warning, Respondent filed a third motion for continuance, which was denied on October 29, 1992. Respondent failed to inform his client of the pending November 6 hearing, and failed to investigate his client's claims regarding the former wife's motivations for seeking the past due child support. He did not attempt to discover if his client had actually made payments directly to the former wife.

The November 6 hearing occurred with no appearance by Respondent or his client. On November 12, 1992, the court entered judgment in the amount of $26,860.00 against the client. Respondent failed to inform his client of this judgment. The client later learned of the adverse ruling from his daughter.

Between November 12, 1992 and December 10, 1992, Respondent obtained information from his client relative to his client's contentions that he paid support funds directly to his former wife. Respondent incorporated this information into a motion to correct error, which he filed on December 10, 1992. The court denied that motion on December 21, 1992, and thereafter set a hearing date of January 22, 1993 on which to hear arguments pertaining to the petition to attach his client's inheritance. Although Re-

spondent acknowledged the hearing date in a letter dated January 11, 1993, he failed to appear at the hearing due to his involvement in another trial that day. The client attempted to represent himself at the hearing, the result being that his inheritance was attached to satisfy the earlier judgment. Throughout the course of the representation, Respondent relayed information about the case to the client through the client's sister, despite having the client's toll-free work telephone number. Due to this arrangement, the client often did not receive prompt answers to questions he had concerning his case.

We conclude that Respondent violated Ind.Professional Conduct Rule 1.1 by failing to provide competent representation; Prof. Cond.R. 1.3 by failing to act with reasonable diligence and promptness during the course of the representation; Prof.Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of a matter and to promptly comply with requests for information; and Prof.Cond.R. 1.4(b) by failing to explain matters to the extent reasonably necessary to permit his client to make informed decisions.

Respondent and the Commission have agreed that a public reprimand is commensurate with the misconduct at issue here. We agree, noting that Respondent consistently failed to give the child support action sufficient professional attention. Such conduct, at the very least, instills anxiety and resentment in a lawyer's clients.

It is, therefore, ordered that the Respondent, Robert J. Brown, is hereby reprimanded and admonished for the misconduct herein set forth.

Costs of this proceeding are assessed against Respondent.

SELBY, J., not participating.